If there are no further questions, Madam Clerk, please call to the next case. Good morning, Your Honor. This is Justin Nestor on behalf of the Plaintiff, Appellant, and Respondent in the underlying matter. This matter is before you today on our appeal of what have been multiple decisions in the case. The procedural history is outlined in the briefs, and it certainly has been addressed. But notably, the case is tried as a 19B before Appellant Peterson in May and June of 2009. Appellant Peterson issues a decision denying further benefits to the claimant, making certain findings relative to credibility and some other issues. A review is taken up to the Commission. The Commission affirms that decision, and the Petitioner appeals that to the Circuit Court. In my estimation, what the central determination is, is the order that comes out of, the remand order that comes out of the Cook County Circuit Court in December of 2010 from Judge Murray. And what those specific remand instructions were that were given back down, to send back down to the Commission. Judge Murray found in his remand order- Just to make sure I understand here, you have not challenged that remand order, the merits of it. In other words, the Circuit Judge said, you know, you introduced some wrong evidence. It was improper impeachment. Now I'm sending this back to you to do something. You have not challenged that order. The issue is procedurally- Your question is whether or not the Commission followed that order. As a threshold matter, whether the Commission followed that on remand up until December of 2000, when there was a final order. The problem is that, December of 2013, the problem was that that initial remand order never became final. That remand order was interlocutory. It sent it back down to the Commission to review the medical evidence in light of not- I guess in the exclusion of the impeachment. And the remand instructions from Judge Murray were that if the Commission were to find, you know, within their province, weigh the medical evidence, and agree with arbitrator Peterson and the Commission, that that order would then be confirmed. Well, it's important to pin down this order, because obviously arguing that the Commission exceeded the scope of its jurisdiction, did the order say, quote, Remanded for such proceedings before the Commission as it deems are appropriate under the Act. Did it say that at all? It does. Well, how is that tied into credibility findings only? It also says in the paragraph, that remand order in the paragraph above says, The Commission's credibility determination was in error. If, on remand, the Commission confirms its finding on the conflicting medical evidence, this Court will confirm the Commission's decision which denies benefits to Triplett. But then it goes on to say, for any other appropriate matters, doesn't it? It does, Your Honor. So, is that language meaningless? Do we just, like, ignore that? No, but I think there's a disconnect in that order as to what the specific instructions were that Judge Murray was given. Because when it gets sent back down to the Commission, they don't follow that. They follow the line of what you're saying and go off and, you know, use this chain of events theory and, you know. Well, right, I see your point. They seized on the more general language that is quoted to you. As Justice Stewart had asked you, did you object to the language in the order? At that point, that order was not final and appealable. So, because it was a remand order, it was interlocutory, it was sent back down to the Commission. Well, I understand, but you still would have had the right to question the order that the judge signed remanding it back, wouldn't you? Because you say, hey, this order doesn't say what it's, you know, what we believe it's supposed to say. It's being remanded for a very narrow issue, and now we've got this general language for any, you know, appropriate action they feel is appropriate. So, you could have said something, correct? We could, Your Honor. Yes. Sometimes these things happen because, you know, we look at hindsight. I agree. And in hindsight, because procedurally, you know, then both sides are going to appeal back up to the circuit court. The Commission, in its decision, seems to indicate that they read the circuit court's order as reversing their decision, remanding it with directions to enter into a warrant for the claimant. They put that in their decision, yes. But that's not what the circuit court ordered. That's correct. The circuit court ordered that it be remanded, and they said, if I'm remanded, the Commission confirms its findings on conflicting medical evidence. This court will confirm the decision. Yes, reading from that Commission decision, Your Honor. It says, on December 1, 2010, the circuit court of Cook County entered its decision reversing the Commission's decision and remanding the case to the Commission with directions to enter into a warrant for the claimant. So if the Commission was in error based on the circuit court's order and was not ordered to enter a decision for the claimant, what do we do with the defendant? That decision from the Commission, in our opinion, is void. Well, it's not void. No. Well, it exceeded the authority of the remand order, and that decision was ultimately appealed by both sides because that decision also – we appealed that decision for the obvious reason that we felt that it was not consistent with the remand order. The claimant appealed that decision because they excluded an award for prospective medical care. So there's two more circuit court cases that were filed that were eventually consolidated, sent back down for a Commission determination on the prospective medical aid issue. They finally got that final order, and that's what brings this whole mess before the Court today. All of your issues, though, are directed at the Commission's first remand decision. From our perspective, yes, Your Honor. That's what you've raised in the appeal. It's all issues about that. What I'm asking for is to go back to a point in time in December of 2010 because that's where the case went off the tracks as far as we're concerned. The Commission's decision, it's confusing, the first remand decision. I mean, they do say the circuit court reversed and ordered us to enter a decision for the claimant. But then they go on to correctly state later that the circuit court ordered them to revisit causal connection. And then they do go through a lengthy analysis on causal connection. I mean, at least in that part of the order, they seem to be following the circuit court. Your Honor, I argue that is within their prowess to go back and do. The exception that we take is that at that point they were exceeding what they were instructed to do on remand from the circuit court. But you're saying because they used a change of events analysis. I take a very narrow reading of Judge Murray's remand order that when he sent it back down, he said, review the medical evidence. If they still agree, if they still arrive to the same decision, he would confirm it. So your issue is not that the Commission, the regulator, is saying they're supposed to enter an order for the claimant. Your issue is that they went beyond it by using a change of events analysis rather than simply looking at credibility without the impeachment of the claimant. I think it's both, Your Honor. I think the line that shows up that says we were instructed by the circuit court to find for petitioner, that's not in Judge Murray's remand order. That's not in there. So they've set the tone in the first paragraph of that order to get to the end result that they think they're supposed to get to. That's what we need to know, I guess, isn't it? It's very much a second issue, a causal connection issue. Secondarily, on the causal connection issue, you know, admittedly, it is a manifest way issue. I know this Court's feelings, and certainly I'm fully appreciative of the law and want to not go challenge a manifest way. It's not our feelings. I understand. Your law and this Court's interpretation of it, is that a fair assessment, Your Honor? Yeah. Thank you. Without apologizing, give us succinctly why it's against the manifest way of the evidence, even though you've acknowledged you have a high hurdle. With that in mind, Your Honor, the inconsistencies in the medical history, you know, it rises and falls on this impeachment issue. In part, you know, the claim in denying that he had any prior injuries, any prior low back issues, any prior work comp claims. So that's number one. Secondarily, you know, the interpretation, and again, it's within the Commission's province to, you know, determine credibility. Dr. Singh in his IME had certain findings about, you know, positive Waddell signs and other things. The records that he had available for his review, you know, in examining the petitioner. You know, my response to having an uphill battle and it being within the Commission's province to determine that and to weigh the evidence, which I think they did. Arbitrator Peterson made a decision. He was there. He heard the case. He decided the case. The Commission affirmed that decision the first time up. It was only that it went off the tracks when that case went up to the circuit court. But we've still got to review the last Commission decision. I mean, the procedural history, notwithstanding, I mean, the question is whether or not it's against the manifest weight of the evidence in the decision we're reviewing now. Correct? Correct. This proceeded on a chain of events theory. Claimant's theory of recovery was chain of events, that he was in good health, et cetera, et cetera. I just have a question. Was there any medical evidence to support the claimant? Or did it proceed on none that was introduced at hearing other than the evidence of the prior claim? Yeah. If we were to determine that the Commission erroneously believed that it was ordered to enter a decision for the claimant, then what are you asking for relief? For it to be sent back down to the Commission to review the narrow issue of whether they would have arrived, whether they would have affirmed the original arbitration decision, notwithstanding the exclusion of the improper impeachment evidence. Well, I mean, if we were to suggest that because they erroneously believed they were supposed to enter a decision for the Commission, then the appropriate remedy is to reverse the Circuit Court, vacate the Commission's decision on remand, and order them to follow the mandate of the Circuit Court, and what did he say? That if they arrived at the same decision, they would confer, that the Circuit Court would confer. Decided without reference to the impeachment. Yes, Your Honor. Okay. Any other questions? Thank you, Counsel. Counsel, you may respond. May it please the Court, Counsel, Joshua Rodolfi for the appellee, Mr. Demetrius Triplett. The procedural history is kind of murky. The big issue here, obviously, is that initial remand order from Judge Murray. Now, Counsel says that he would like this case remanded back to the Commission to follow Judge Murray's order, that of, basically, notwithstanding the impeachment issue. He's asking for his relief is what they did in that decision. But they started out with a basic belief that they had to enter a decision for the claimant. They said so, and that's not what Murray told them. I agree with you. That is not what Murray told them. So if they start with a basic belief that they must enter a decision for the claimant, then they've got to write a decision that supports that conclusion, don't they? I would say yes. However, there's nothing to indicate that that's exactly what happened. I can't get into the minds of the Commission. Wait a minute. I'm not getting into their mind. I'm just reading what they wrote. Sure. We were ordered to enter an opinion for the claimant. They were not ordered to enter an opinion for the claimant. So how do we know that they didn't simply just, we have to enter it, so here's the evidence that would support it if we were to go that direction. If they simply were under the impression that all they had to do was simply reverse themselves, I'm sorry, not reverse themselves, but simply affirm their own previous decision, they simply would have done that.  There wouldn't have been that analysis. They can give reasons, and they did. I don't believe there would have been the extensive analysis that they had. Every time the Commission is ordered to enter a decision for a party, they come up with a decision that has reasons behind it. They don't just say affirm. Well, the reason behind this one is the reweight of the medical evidence, which is what Judge Murray actually specifically ordered them to do. But if they were not ordered to decide for the claimant, how do we know they would have come down in the same place? Because they're actually following the remand order. No, they're not. With that initial line that says, we were instructed to issue a decision for the claimant. If we start from the basic proposition that they believe they were ordered to enter a decision for the claimant, how do we know they would have decided this case the same way if they didn't believe that they were ordered to write for the claimant? I couldn't answer that because I don't know exactly. Isn't the error here with the first sentence? Do we need to talk any further about that? Yeah. Is the order clear or not from Judge Murphy? I believe it is. Okay. And does the first sentence of the commission's decision conflict with that order? It might conflict with the order. Okay, then why is it not game over? Why is it not game over? You're trying to tell me, oh, well, let's go beyond that and then look at everything else that was discussed, right? Because it's not simply that they are reversing themselves. It's not simply that they are saying, we were instructed to do this. They're going through and saying, look, we were instructed to disregard this. No, no. They said they were – they acknowledged that they were directed to enter an award for the claimant. Period. That was their instruction. That wasn't their instruction, was it? It was not the instruction. Okay. Well, then, he says. How do you go beyond that? Murray didn't tell them to enter an award for the claimant, did he? You said it was clear he didn't. He did not specifically. No, he did not. If your argument is correct, do you believe that they could have entered an order that said, we were instructed to enter an order for the claimant, but we find in favor of the respondent? Are they capable of doing that? I would say no, Your Honor. Well, then, the thumb's on the scale. We're back to what Judge Holdren said. Did they follow Murray's instructions, yes or no? If the answer is no. Yes, they did follow Judge Murray's instructions. They did. Oh, okay. They did. They reweighed the medical evidence, just as Judge Murray had told them to do. But they couldn't have decided in favor of the respondent. They were not capable of doing that because they believed they were ordered to enter a decision for the claimant. How do you reweigh the evidence? Think about what you're saying. If it says they have to enter an order for the claimant, the decision is made. The reasoning, maybe, is what you're saying they came up with, but there's no reweighing of evidence because there can be only one result. You're not fairly and objectively reweighing evidence if your mandate is to enter an order for the claimant. Where is the reweighing coming in? The reweighing is coming in just on the conflicting medical evidence, which is actually what Judge Murray instructed them to do. If you keep ignoring this, they reweighed the evidence with an elephant on the scale in favor of the claimant. They couldn't, according to their belief, enter a decision for the respondent. They acknowledged it. They acknowledged it. They couldn't do it. And that's not what Murray ordered. The commission made two conflicting statements. In one statement they said we're going to define for the claimant. And that was clearly not what was in the judge's order. But, however, they later did say we were ordered to revisit the issue of causal connection. Those two statements can't be reconciled, really. But then after making that statement, they did go into an exhaustive review of the evidence. But the problem is how do we know whether they did think that they had to do that? Well, I would say that we know this because when we went back to the circuit court and that actual decision was appealed, Judge Brennan put her order. It was a new judge. It was not Judge Murray. I believe he retired between the time this case actually got back up to him. Judge Brennan actually put in she found that the IWCC was not instructed, as they put in their order, and that actually their analysis was correct. So if we look at this order in a vacuum rather than simply in the procedural posture of the entire case, what you're saying could be true, yes. However, Judge Margaret Brennan is finding they were not instructed to do so. And they actually put through the analysis that was correct. We're not concerned with the findings of the circuit court. We're concerned with the findings of the commission. We don't review the circuit court's order. Our judgment line either affirms it or reverses it. But we review the decision of the commission, not the decision of the circuit court. Sure. And the commission decision has basically two parts of it that are conflicting. So whether or not we know whether they were instructed to do so, which we know is not accurate based on Judge Murray's remand order, they were not instructed to do so. However, they did go through a long analysis of the conflicting medical evidence per Judge Murray's order. They actually did follow Judge Murray's order. But the problem is you have to be candid in all fairness. If they are given to reach an assault, whereas the reweighing has to be biased, it has to be in favor of the claimant because they think that's what they're supposed to be doing. You keep talking about this reweighing like it's some objective fair review. If somebody tells you, you're a clerk, write a decision affirming the court, okay, that's what I'm going to do. So now I'm going to do a fair and objective reweighing of the evidence when my boss tells me this is the result I have to reach. Does that sound right to you? It does not sound right, but I don't believe that's specifically what happened in this case, as they do actually address Judge Murray's remand order further on in the remand decision. We've heard that five times. We know what they did, and you ignore the issue. Did they do it under a belief that they could not rule for the respondent? I couldn't answer that, Your Honor. That's the problem. That's all we don't know. I'm sorry. What I would say is that they did actually comply with the order, notwithstanding that first sentence. They went back through and actually went through the conflicting medical evidence, which is expressed in the province of the commission, in Caterpillar Tractor 1982 all the way up through today. That is their promise. They get to do that. They've done it. They've shown their work. They didn't simply affirm or reverse. They showed their work. They showed that we do not believe Dr. Singh. We don't believe Dr. Singh because he just flat-out said, oh, positive ENG? Eh, it's a false positive. Okay. There's no basis for that. He won all the findings. What specifically did he have? They don't address that. The commission calls Dr. Singh on his conclusions for not showing his work, while they show their work, showing that Dr. Fisher and Dr. Rosania are more persuasive, which is expressed within the province. When they went back in the room, they said, hey, the judge told us to find in favor of the claimant. Okay? This is what we have to do. So now let's fairly re-weigh evidence to come up with a decision that supports our order. That's good evidence. I mean, this appeal, really, the first hurdle is does this appeal ever get past Judge Murray's order and what the commission did based on that order vis-a-vis being told to enter a decision for the claimant? If the answer to that is they were just mistaken, then we've got to go back to square one and tell them to comply with Murray's order, and they're not obligated to issue a decision for either the claimant or the respondent. Fairly weigh the evidence and tell us what your decision is. I mean, that occurs to me as the only fair thing to do. In this sort of situation with all the decisions that have taken place, I would say no. The decisions have been made by the commission. The decisions have been appealed by parties. Under the belief that they had to enter a decision for the claimant. Now, remember, when the case first came out, they entered a decision for the respondent, and it was only based, you would like to contend, it's only based on lack of credibility. Judge Murray didn't decide that. If he had decided that, then he would have issued an order saying enter an order in favor of the claimant. He said disregard the improper impeachment and now tell us what your decision is. That's correct. And they didn't do that. Because they did not exactly say that we're finding this way because he was impeached and because he's not reliable. We don't know what factor that took place in their initial decision. Judge Murray is basically saying, look, I'm going to take this factor out. You reweigh it and you let me know if you get to the same result. But you don't have to decide for the claimant. Correct. And you don't have to decide for the respondent. That's correct. But they thought they had to. And we know that because they acknowledged it. They know that because they wrote in it. They acknowledge it in one sentence and then they don't acknowledge it in another. They acknowledge it in one sentence. As far as causal connection and as far as TTD and medical payments, that's expressed within the province and the commission. And that should be affirmed in its entirety. Okay. We'll get to that point. Okay. Thank you, counsel. Counsel may reply briefly if you'd like. I don't know that I have much else to add unless there's any questions from the panel. I don't believe there are. Thank you. Thank you. Court will stand in brief recess.